## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Graydon Graham | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | No.: 1:20-cv-139 |
| | : | |
| Giant Eagle, Inc. | : | |
| | : | |
| Defendant. | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |

## COMPLAINT

AND NOW, COMES Plaintiff Graydon Graham by and through his

attorneys, Thomas B. Anderson, Esquire and Thomson, Rhodes & Cowie, P.C. and

files this Complaint against Giant Eagle, Inc., in support thereof avers as follows:

### JURISDICTION and VENUE

1.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §§

1331, and Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, et seq.

2.      Venue is proper in this judicial district pursuant to 28 U.S.C. §

1391(b)(2) because the events giving rise to Plaintiff's claim occurred in this judicial

district.

## PARTIES

3.      Plaintiff is an adult individual, who resides in Seneca, Venango County,

Pennsylvania.

4.      Giant Eagle, Inc. (Giant Eagle) is a Pennsylvania corporation with its

corporate office located at 101 Kappa Drive, Pittsburgh, PA 15238.  Giant Eagle

owns and operates grocery stores at numerous locations across western

Pennsylvania, including the Franklin location at 541 Allegheny Blvd, Franklin,

Pennsylvania.

5.      Giant Eagle grocery stores are a public accommodation as defined in

Title III of the Americans with Disabilities Act ("ADA").

## FACTUAL BACKGROUND

6.      This action arises from Giant Eagle's arbitrary policy in Pennsylvania

that violates Title III of the ADA and the Pennsylvania Human Relations Act

("PHRA").  Giant Eagle has adopted a policy that requires all customers in

Pennsylvania to wear masks while inside Giant Eagle stores, with no exception for

customers who cannot wear a mask for medical reasons.  Customers who cannot

wear masks for medical reasons in Pennsylvania are denied access to Giant Eagle

stores, however, if those customers were to drive across the Pennsylvania border

into Ohio, Giant Eagle would allow them to shop in its stores without a mask

because Giant Eagle does not require any customer to wear a mask or face

covering in its Ohio stores.  Giant Eagle's Pennsylvania mask requirement is in

direct contradiction to the order of the Pennsylvania Secretary of Health,

Pennsylvania Department of Health guidelines, and the guidelines published by the

United States Center for Disease Control.

7.      Plaintiff is a person with a disability who has physical and/or mental

conditions, including a cardiac condition and a previous heart attack that

substantially limit his major life activity of breathing and his cardiovascular

system.  Plaintiff cannot wear a mask over his face without experiencing cardiac

stress.

8.      The events complained of occurred at the Franklin Giant Eagle on

May 24, 2020.  Plaintiff was half-way through the store when he was confronted

by two Giant Eagle employees who insisted that he immediately leave the store

because he was not wearing a mask.  Plaintiff was not given an opportunity to

explain that he has a medical condition that prevents him from wearing a mask.

9.      Plaintiff left the store without purchasing any groceries.

10.     On April 15, 2020, Pennsylvania Governor, Tom Wolf issued a press

release announcing that Dr. Rachel Levine, under her authority as Secretary of the

Department of Health to take any disease control measures appropriate to protect

the public from the spread of infectious disease, signed an order directing

protections for critical workers at businesses authorized to maintain in-person

operations during the Covid 19 disaster emergency.

11.     The order, effective April 19, 2020, provided that businesses covered

by the order should

> require all customers to wear masks while on the premises, and deny entry to individuals not wearing masks, unless the business is providing medication, medical supplies, or food, in which case the business must provide alternative methods of pick-up or delivery of such goods; **HOWEVER, INDIVIDUALS WHO CANNOT WEAR A MASK DUE TO A MEDICAL CONDITION (INCLUDING CHILDREN UNDER THE AGE OF 2 YEARS PER CDC GUIDANCE) MAY ENTER THE PREMISES AND ARE NOT REQUIRED TO PROVIDE DOCUMENTATION OF SUCH MEDICAL CONDITION.**

12.     The Pennsylvania Department of Health subsequently published

guidelines for businesses, which were updated on May 1, 2020.  The guidelines

state:

> Q. If a customer refuses to wear a mask will they be turned away or will the customer be refused service?
>
> A. Yes, with the exception of businesses that provide medication, medical supplies, or food, which must offer another means for the customer to purchase goods if the customer is unable to wear a mask.  Those means could include home delivery or contactless curbside pick-up.  **However, individuals who cannot wear a mask due to a medical condition (including children under the age of 2 per CDC guidance) may enter the premises and are not required to provide documentation of such medical condition. … Businesses should advise customers of the Secretary's Order; <u>tell the customer that only those who cannot wear a mask due to a medical condition may enter the</u>**

**premises without a mask; and advise the customer that
almost any face covering would be acceptable.**

Q.  How do businesses avoid confrontation with customers who
do not wear a mask?

**A.  … [B]usinesses should advise customers of the Secretary's
Order; tell the customer that only persons who cannot wear a
mask due to a medical condition do not have to comply with
the requirement to wear a mask….**

13.     Despite the Pennsylvania Secretary of Health's order and guidelines

above and CDC guidance to the contrary, Giant Eagle implemented policies and

procedures that require all customers to wear masks even if they are disabled and

they cannot wear a mask due to their medical conditions.  This policy flies in the

face of recommendations from the CDC which state **"Cloth face coverings should**

**not be placed on young children under the age of 2, anyone who has trouble**

**breathing, or is unconscious, incapacitated, or otherwise unable to remove the**

**mask without assistance."**  The CDC also directs individuals to make sure when

using a face covering that "you do not have any difficulty breathing while wearing

the cloth face covering."

14.     Giant Eagle has adopted and enforces policies and procedures that

require all "guests" shopping at all of its Giant Eagle, Market District and GetGo

locations wear masks or other face coverings in its Pennsylvania stores.  Giant

Eagle's policies and procedures make no accommodations for invitees who wish to

shop in its Pennsylvania stores who have disabilities that prohibit wearing a mask

or make wearing a mask dangerous to the invitees.  **However, it is believed, and**

**therefore averred that Giant Eagle stores in Ohio have not instituted the same**

**policy, in fact, they have "no policy."  On May 13, 2020, news outlet,**

**cleveland.com reported "Dan Donovan, a spokesperson for Pittsburgh-based**

**Giant Eagle, told cleveland.com the chain has no policy when it comes to face**

**masks and coverings for customers."**

**https://www.cleveland.com/coronavirus/2020/05/see-which-cleveland-stores-**

**require-customers-to -wear-masks-as-of-may-13.html.**

15.    Giant Eagle has publicly stated that it has no intention to comply with

the ADA.

16.    Giant Eagle has published the following:

GIANT EAGLE POLICY:

Moving forward until further notice in order to shop our store (or
any other Giant Eagle location) you must be wearing a mask.
**There will be no exceptions regardless of any reason or**
**medical condition.**  We thank you for your compliance and
understanding.

17.    The owner of one Giant Eagle store posted publicly that while

Governor Wolf's edict that customers should wear masks in stores included an

exception and accommodation for customers who cannot wear a mask for medical reasons, the entire company has decided not to comply with the accommodation. "**It's too easy to make up an excuse not to wear a mask**, and we refuse to put our team members and customers who do wear a mask at any more risk than they already are. Health and safety of our community is more important to us than business." However, Giant Eagle does not require its "team members" to wear masks if they provide medical excuses.

18.    Security Guards outside of one Giant Eagle location have told customers who were told they must wear a mask, despite a disability that prohibits the wearing of a mask, that Giant Eagle is a private company and it is not required to comply with the ADA.

19.    Giant Eagle employees and security guards have verbally harassed and physically threatened "guests," including Plaintiff, with removal and arrest for trespass. Giant Eagle's employees and agents have called the police and pressed charges of trespass against "guests" with disabilities who could not comply with its illegal mask policy.

20.    Giant Eagle, in some instances, justifies its policies and procedures that violate the ADA and the Pennsylvania Human Relations Act (PHRA), by claiming that "guests" excluded from entering the store because they cannot wear a mask for medical reasons due to a disability have the option of staying out of the

store and having a Giant Eagle team member shop for them or use curbside pick-up and delivery services.  However, these services are not available at all stores, at the same time, and do not apply to some items that can be purchased in stores, such as alcohol.  In essence, at its public business Giant Eagle treats its "guests" who cannot wear a mask due to a disability like "lepers," rather than "guests."

21.    Giant Eagle managers have told "guests" who cannot wear a mask and have explained that they have medical exemptions or excuses that Giant Eagle is a private company and Giant Eagle has chosen to enact policies that are more restrictive than that of the Pennsylvania Health Secretary.  However, Giant Eagle cannot violate federal and state law and exclude disabled people from its public accommodations because their disabilities prohibit them from wearing masks.

22.    Giant Eagle's policy and procedure violated Title III of the ADA and the PHRA because Plaintiff was denied equal enjoyment of the public accommodation because of his disability.

### Count I – Violation of Title III of the ADA.

23.    Plaintiff incorporates by reference the averments of Paragraphs 1-22 of the Complaint as if the same were set forth in full.

24.    At all times relevant to this action, the ADA was in full force and effect in the United States.

25.    The ADA expressly prohibits, among other things, discrimination on

the basis of disability in the full and equal enjoyment of the goods, services,

facilities, privileges, advantages, or accommodations by any person who owns,

leases, (or leases to), or operates a place of public accommodation.  Under the

terms of the ADA, discrimination includes a failure to provide services to a

disabled person to the extent that such services are provided to non-disabled

persons.  The ADA requires that goods, services, facilities, privileges, advantages,

and accommodations be afforded to an individual with a disability in the most

integrated setting appropriate to the needs of the individual.

26.    Title III of the ADA, which applies to public accommodations such as

Giant Eagle, establishes the general rule that no individual shall be discriminated

against on the basis of a disability in the full and equal enjoyment of the goods,

services, facilities, privileges, advantages, or accommodations of any public

accommodation.

27.    Plaintiff is an individual with a disability within the meaning of the

ADA because Plaintiff has a physical and mental impairment that substantially

limits one or more of Plaintiff's major life activities and systems as described

herein.

28.    Plaintiff requested an accommodation from the mask policy due to his

disability.  The request was reasonable and in accordance with the

recommendations and orders of the Pennsylvania Health Secretary and the CDC.

Such accommodation would have allowed Plaintiff to enjoy full and equal

enjoyment of the grocery store as provided to people who are not disabled and are

able to comply with the request to wear a mask without potentially subjecting

themselves to respiratory distress and/or other physical or mental injuries or

ailments.

29.    Defendant is a business that owns, leases, or operates a place of public

accommodation within the meaning of the ADA because Defendant owns, leases,

or operates a grocery store and pharmacy which provides food, medicine and other

essential items and services to members of the public.

30.    Defendant is in violation of the ADA because it discriminated against

Plaintiff on the basis of Plaintiff's disability in the full and equal enjoyment of the

services, facilities, privileges, advantages, or accommodations of Giant Eagle

because it denied Plaintiff the services, facilities, privileges, advantages, and

accommodations of the store in the most integrated setting appropriate to

Plaintiff's needs, because it refused her access to the shop in the store without

wearing a mask based on his disability.

31.    Defendant's policies and practices have, are, and will cause

irreparable harm to the Plaintiff.

32.    Plaintiff intends to continue to shop at the Giant Eagle store.

33.     Giant Eagle has stated publicly that it does not intend to change its mask policy and that its "guests" who cannot wear a mask must use some alternative other than shopping inside its stores without a mask.  This constitutes evidence that, absent an injunction, Giant Eagle has no intent to comply with the legal requirements of the ADA or to train its employees of their need to comply with the ADA.

34.     Plaintiff did not pose a direct threat to the health or safety of others. There was no significant risk to the health or safety of others that could not be eliminated by a modification of Giant Eagle's policies, practices and procedures. Social distancing and other safety precautions were in place at the store, Plaintiff had no signs or symptoms of Covid 19, and the Pennsylvania Health Secretary's order, guidelines, and CDC guidelines recognized the need for a medical exception to the mask requirement.  Giant Eagle has no mask requirement in neighboring Ohio.  Giant Eagle simply did not want to be bothered with the exception, despite the fact that it had no basis to conclude that Plaintiff was a direct threat to the health or safety of others.  Giant Eagle made no individual assessment that considered Plaintiff's actual abilities or disabilities, instead, Giant Eagle has adopted a broad discriminatory policy based on generalizations and stereotypes.

35.     Plaintiff requests that the court award him injunctive relief requiring Giant Eagle to accommodate Plaintiff by allowing him to shop in its stores without

wearing a mask so that she may enjoy the benefits, privileges, goods, services

facilities, advantages, and accommodations including equal access to and

enjoyment of Giant Eagle's stores in the future.  To affect such relief to Plaintiff, it

may be appropriate for the court to provide clear protocols to all Giant Eagle

employees advising that persons who cannot wear a mask inside the store due to a

disability must be accommodated.  Giant Eagle should be required to train its

employees about its legal obligations and to post and disseminate notice to Giant

Eagle employees regarding their legal obligations under the ADA and the PHRA.

WHEREFORE, Plaintiff seeks injunctive relief and reasonable attorney fees

including litigation expenses and the costs in this action.

Respectfully submitted,

THOMSON, RHODES & COWIE, P.C.

Dated June 4, 2020

/s *Thomas B. Anderson*_____
Thomas B. Anderson, Esquire
PA I.D. #79990

THOMSON, RHODES & COWIE, P.C.
Firm No. 720
Two Chatham Center, 10th Floor
Pittsburgh, PA  15219
(412) 232-3400

Attorneys for the Plaintiff